# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Case No. CR410-100 |
| | ) | |
| ANGEL GOMEZ | ) | |

## REPORT AND RECOMMENDATION

Seeking to vacate his convictions for maritime (he stowed away on a ship) and drug crimes (he brought a controlled substance with him) (doc. 186),[1] Angel Gomez has filed a petition for a writ of *audita querela*. Doc. 310. He argues that the Supreme Court's decision in *Alleyne v. United States*, 133 S. Ct. 2151 (2013) invalidates his sentence. Doc. 310 at 1. In both form and substance, then, he is collaterally attacking his conviction on grounds that it offends the Constitution. The "proper avenue of relief" for such a claim is 28 U.S.C. § 2255,[2] not a writ of *audita querela. See United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir.

---

[1] All citations are to the criminal docket in CR405-334 unless otherwise noted, and all page numbers are those imprinted by the Court's docketing software.

[2] Under that provision, federal prisoners "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). Relatedly, this Court is preliminarily reviewing his filing under Rule 4 of the Rules Governing Section 2255 Proceedings.

2005) (writs of *audita querela* "may not be granted when relief is cognizable under § 2255"); *United States v. Larios*, 2016 WL 3960542 at * 2 (S.D. Ga. June 20, 2016).

Gomez, however, has already filed one § 2255 motion. Doc. 228, *denied* docs. 230, 235. And "[b]efore a second or successive [§ 2255 motion] permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). This Court "lacks jurisdiction to decide a second or successive petition filed without [the court of appeals'] authorization." *Insignares v. Sec'y, Fla. Dep't of Corr.*, 755 F.3d 1273, 1278 (11th Cir. 2014). Consequently, it "must dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for its filing." *Smalls v. St. Lawrence*, 2012 WL 1119766 at * 1 (S.D. Ga. Feb. 27, 2012) (quoting *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996) (emphasis in original)), *adopted*, 2012 WL 1119761 (S.D. Ga. Apr. 3, 2012).

Because this is Gomez's second § 2255 motion and he never sought permission from the court of appeals to file it, "this Court is not at

liberty to consider it." *Id.* Accordingly, it should be **DISMISSED** as successive. Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing Habeas Corpus Cases Under 28 U.S.C. § 2255 ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.") (emphasis added).

      **SO REPORTED AND RECOMMENDED**, this  29th  day of August, 2016.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA