UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA

UNITED STATES OF AMERICA

v.

ANGEL GOMEZ

Case No. 4:10cr100-3

ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A)

(COMPASSIONATE RELEASE)

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☐ GRANTED

    ☐ The defendant's previously imposed sentence of imprisonment of _____ is reduced to _____. If this sentence is less than the amount of time the defendant already served, the sentence is reduced to a time served; or

    ☐ Time served.

If the defendant's sentence is reduced to time served:

    ☐ This order is stayed for up to fourteen days, for the verification of the defendant's residence and/or establishment of a release plan, to make appropriate travel arrangements, and to ensure the defendant's safe release. The defendant shall be released as soon as a residence is verified, a release plan is established, appropriate travel arrangements are made,

and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, the parties shall immediately notify the court and show cause why the stay should be extended; or

☐ There being a verified residence and an appropriate release plan in place, this order is stayed for up to fourteen days to make appropriate travel arrangements and to ensure the defendant's safe release. The defendant shall be released as soon as appropriate travel arrangements are made and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, then the parties shall immediately notify the court and show cause why the stay should be extended.

☐ The defendant must provide the complete address where the defendant will reside upon release to the probation office in the district where they will be released because it was not included in the motion for sentence reduction.

☐ Under 18 U.S.C. § 3582(c)(1)(A), the defendant is ordered to serve a "special term" of ☐ probation or ☐ supervised release of _____ months (not to exceed the unserved portion of the original term of imprisonment).

☐ The defendant's previously imposed conditions of supervised release apply to the "special term" of supervision; or

☐ The conditions of the "special term" of supervision are as follows:

☐ The defendant's previously imposed conditions of supervised release are unchanged.

☐ The defendant's previously imposed conditions of supervised release are modified as follows:

☐ DEFERRED pending supplemental briefing and/or a hearing. The court DIRECTS the United States Attorney to file a response on or before _____, along with all Bureau of Prisons records (medical, institutional, administrative) relevant to this motion.

☒ DENIED after complete review of the motion on the merits.

☒ FACTORS CONSIDERED (Optional)

Defendant argues his "unusually long sentence" qualifies as an "extraordinary and compelling reason" under 18 U.S.C. § 3582(c)(1)(A) that warrants compassionate release.

A district court cannot grant a § 3582(c)(1)(A) reduction unless the defendant meets three conditions: "first, that an extraordinary and compelling reason exists; second, that a sentencing reduction would be consistent with U.S.S.G. § 1B1.13 [including that the defendant is not a danger to another person or the community]; and third, that § 3553(a) factors weigh in favor of compassionate release." United States v. Giron, 15 F.4th 1343, 1347 (11th Cir. 2021) (citing United States v. Tinker, 14 F.4th 1234, 1237 (11th Cir. 2021)). A district court may analyze these three conditions in any order. Id.

The focus of Defendant's motion is on the first condition—an extraordinary and compelling reason for release. Because the Court finds the two latter conditions dispositive, the Court begins its analysis there.

The factors contained in 18 U.S.C. § 3553(a) weigh in favor of Defendant serving the sentence imposed. A grand jury returned a five-count indictment against Defendant related to the unlawful smuggling of drugs into the United States. Defendant was charged with stowing away on a vessel (Count 1), illegal reentry after removal from the United States (Count 3), importation of controlled substances (Count 4), smuggling goods into the United States (Count 5), and possession with intent to distribute controlled substances (Count 6). Defendant proceeded to trial, and a jury found him guilty on all counts, specifically finding that he intentionally and knowingly imported controlled substances into the United States (heroin weighing one kilogram or more and cocaine hydrochloride weighing four kilograms or more) and intentionally and knowingly possessed controlled substances (heroin weighing one kilogram or more and cocaine hydrochloride weighing four kilograms or more). Dkt. No. 150. The law in effect at the time of Defendant's conduct required an enhanced mandatory minimum term of imprisonment of twenty years for offenders with a prior conviction for a felony drug offense. Because Defendant had a prior conviction for a felony drug offense—a 2006 conviction in the Southern District of New York—the enhanced mandatory minimum applied, and the Court sentenced Defendant to 240 months' imprisonment. According to the Bureau of Prisons' website, Defendant's projected release date is February 15, 2028, meaning he has over four years' left to serve. Although Defendant states in his motion that he has a "stellar disciplinary record, without a single infraction in over fourteen years of incarceration," records from the Bureau of Prisons show that he has been sanctioned for his conduct at least eight times, including once for possessing a hazardous tool and once for fighting, and he was sanctioned as recently as May 23, 2024. Dkt. No. 343-1.

In light of the above, the Court cannot conclude that Defendant's release would not pose a danger to society. § 1B1.13. Furthermore, to grant Defendant compassionate release at this

juncture would not reflect the seriousness of his crime, promote respect for the law, provide just punishment for the offense, nor afford general or specific deterrence for similar offenses.

☐ **DENIED WITHOUT PREJUDICE** because the defendant has not exhausted all administrative remedies as required in 18 U.S.C. § 3582(c)(1)(A), nor have 30 days lapsed since receipt of the defendant's request by the warden of the defendant's facility.

IT IS SO ORDERED.

Dated:

December **27**, 2024.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA